## SEA RANCH II OWNERS ASS'N v. SEA RANCH II, INC.

[180 N.C. App. 235 (2006)]

SEA RANCH II OWNERS ASSOCIATION, INC., PLAINTIFF v. SEA RANCH II, INC., DEFENDANT

No. COA05-1559

(Filed 7 November 2006)

**Compromise and Settlement— failed settlement agreement— court order—contracts arguments—inapposite**

Plaintiff's contracts arguments concerning a homeowner association's special assessments were inapposite, and were overruled, where the parties had announced that they had reached a settlement, plaintiff later repudiated the terms of the settlement, and the court entered an order (the March 15 order) determining settlement terms and later another order compelling compliance with the first. The March 15 order was not a contract.

Appeal by plaintiff from order entered 26 May 2005 by Judge Jerry R. Tillett in the Superior Court in Dare County. Heard in the Court of Appeals 12 September 2006.

*Wyrick, Robbins, Yates & Ponton, L.L.P., by K. Edward Greene and Alyssa M. Chen, and Hoyle & Stroud, L.L.P., by William S. Hoyle, for plaintiff.*

*Stallings & Bischoff, P.C., by Steven C. Frucci, pro hac vice, and Bradford J. Lingg, for defendant.*

HUDSON, Judge.

On 20 September 2000, plaintiff Sea Ranch Owners Association, Inc., filed a complaint seeking past-due maintenance and special assessments from 1990 forward from defendant Sea Ranch II, Inc. In November 2002, the court granted defendant's motion for partial summary judgment as to past-due assessments from 1990 to 1999. The matter came on for jury trial in November 2003. At the close of all evidence, the parties announced that they had reached a settlement agreement, the terms of which were stated in open court on 19 November 2003. Defendant drafted a proposed consent judgment, but plaintiff refused to sign it and defendant moved for entry of judgment. At the motion hearing on 28 January 2004, plaintiff repudiated the terms of the settlement in open court. On 15 March 2004, the court entered an order determining settlement terms between the parties and attaching the draft of the consent judgment prepared by defend-

SEA RANCH II OWNERS ASS'N v. SEA RANCH II, INC.

[180 N.C. App. 235 (2006)]

ant and containing red-line changes by plaintiff. On 25 May 2004, plaintiff moved for a declaration of the rights and obligations of the parties under the 15 March order. On 19 November 2004, plaintiff moved for relief from the judgment pursuant to Rule 60(b), which motion the court denied. On 26 May 2005, the court ordered the parties to comply with the 15 March order. On 15 June 2005, plaintiff filed its notice of appeal from orders entered 15 March 2004 and 23 May 2005. Plaintiff here appeals from the 26 May order. As discussed below, we affirm.

Sea Ranch II is an interval ownership condominium development organized pursuant to Chapter 47A of the North Carolina General Statutes and governed by its Declaration of Unit Ownership. The declaration requires unit owners and the developer to pay various assessments. The owners association manages the development and collects assessments. Defendant is the developer and owns several of the units. The owner's association instituted this action to collect past due assessments from the developer.

Plaintiff first argues that the court erred in upholding and enforcing the 15 March order because it is void. We have addressed these arguments in a companion appeal (COA 05-1528) and overruled them.

Plaintiff next argues that the court erred in concluding that the defendant's "breach" of the 15 March order did not relieve plaintiff's obligations under the order. We do not agree.

Plaintiff's entire argument and the cases cited in support thereof deal with contracts; plaintiff refers to the 15 March order as an agreement throughout its brief. However, the 15 March order was not a contract, but rather an order of the court. In its 26 May order, the trial court found "That the obligations of one party are not dependent on the others' performance, the [sic] were Orders of the Court[.]" Thus, plaintiff's arguments are inapposite. We overrule this assignment of error, and affirm the trial court's order.

Affirmed.

Judges WYNN and TYSON concur.